

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL MARGOLIES and<br>THE MARGOLIES FAMILY TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>DARWIN DEASON, DOUGLAS R.<br>DEASON and DAVID L. NEELY,<br><br>Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. 03-CV0572-P |

## JOINT STATUS REPORT

Plaintiffs Michael Margolies and The Margolies Family Trust (collectively "Plaintiffs"), Defendants Darwin Deason and Douglas R. Deason (collectively the "Deasons") and Defednant David L. Neely file this Joint Status Report, and would respectfully show the Court as follows:

### I. CASE HISTORY

1. Plaintiffs asserted causes of action in this lawsuit under federal securities statutes, Texas state securities statutes, and common law fraud. On June 20, 2005, this Court granted the Deasons' Motion for Summary Judgment and dismissed Plaintiffs' claims on the grounds that the claims were barred by applicable statutes of limitations. Plaintiffs appealed the dismissal to the Fifth Circuit Court of Appeals.

2. On September 11, 2006, the Fifth Circuit Court of Appeals held that material fact issues precluded summary judgment on the Plaintiffs' claims under the Texas state securities laws and common law fraud. The Fifth Circuit accordingly remanded the state law claims to this Court for trial, while affirming this Court's ruling that the statute of limitations had run out on Plaintiffs' federal securities law claims.

## II. JOINDER OF PARTIES, AMENDMENTS, MOTIONS AND DISCOVERY

3.  The deadline for joinder of parties has previously expired, and Plaintiffs and the Deasons agree that there is no reason to re-open that deadline.

4.  The deadline for amendment of pleadings has previously expired, and Plaintiffs and the Deasons agree that there is no reason to re-open that deadline.

5.  Apart from motions in limine and other standard motions heard immediately before or during trial, the only motion that the Deasons intend to file is a motion to reinstate the Deasons' counterclaims against Plaintiffs. When the Court dismissed Plaintiffs' claims as barred by limitations, the Court also dismissed the Deasons' counterclaims on the grounds of limitations. In view of the fact that the Fifth Circuit has reversed the dismissal of Plaintiffs' state law claims on limitations, the Deasons intend to move the Court for an order reinstating the Deasons' state law claims against Plaintiffs. The Deasons propose that they be given until March 30, 2007 to file their motion for reinstatement and brief in support.

6.  Plaintiffs object both to the motion and the additional delay that such a motion would necessitate. Plaintiffs' position is that the Deasons did not raise these issues on appeal, and that the 5th Circuit decision, remanding this case for trial noted specifically, at FN1 of its decision, that by failing to appeal their dismissal, the Deasons (and defendant Neely) waived their counterclaims. Therefore, Plaintiffs assert, no motion relating to the waived counterclaims should be entertained.

7.  The parties to the lawsuit have all been deposed and have exchanged documents. The original discovery deadline in this case was December 15, 2004, and was extended by the Court to December 17, 2004 to allow the completion of party depositions. The Deasons request that deposition discovery be re-opened for 180 days to allow the parties to conduct depositions

on the facts issues related to when Plaintiffs were placed on "inquiry notice" of their claims which the Fifth Circuit found precluded summary judgment. The Deasons assert that they refrained from conducting those depositions earlier on the basis that they believed that Plaintiffs claims were time-barred as a matter of law. Now that the Fifth Circuit has held that fact issues exist on that issue, the Deasons believe that the parties should be permitted to conduct discovery on those issues.

8. Plaintiffs oppose reopening discovery and the six months of additional delay the Deasons seek. Plaintiffs note that the Court's discovery deadline had passed and the parties had agreed that discovery was complete prior to the Deasons' motion for summary judgment. Plaintiffs believe the newly minted claim that the notice and statute of limitations issues were somehow overlooked by the Deasons is belied by the Deasons' motion for summary judgment, which the Deasons based on the same statute of limitations issues on which they now claim they need additional discovery. If the Deasons had wanted to engage in additional discovery on those issues, they had an opportunity to do so, and, indeed, in their deposition of Plaintiffs, the Deasons' counsel asked numerous questions relating to the notice issue. Therefore, Plaintiffs assert that the Deasons' request to reopen discovery is dilatory, and should be denied.

### III. SETTLEMENT DISCUSSIONS AND MEDIATION

9. The parties were previously directed by the Court to mediate the case, but the summary judgment was decided by the Court prior to the mediation, and, therefore, a mediation was not conducted. There have been brief settlement discussions to this date, however, the Deasons have advised Plaintiffs that they are not prepared at this time to make a settlement offer.

10. The parties agree that the case should be sent to mediation forty-five (45) days in advance of the trial date. The Deasons also believe that mediation will have a greater chance of

success after the parties have conducted additional discovery concerning the facts related to when Plaintiffs were placed in "inquiry notice" as to their claims.

11. Plaintiffs, as noted above, oppose granting additional time for discovery, and, while willing to engage in mediation, do not believe that mediation will be successful, as the Deasons, while now stating that they are not prepared at this time to make a settlement offer, have previously advised Plaintiffs that Darwin Deason will not settle, and prefers to take the case to trial.

## IV.  TRIAL

12. Plaintiffs are available for trial at the call of the Court. However, Mr. Browde, one of Plaintiffs' attorneys, has a multi defendant trial currently scheduled for March-April in the Southern District of New York, before Judge Castel, and would request that any trial date be set not earlier than May 15, 2007. Plaintiffs estimate that their case will take less than five days of Court time to present.

13. The Deasons request that the case not be set for trial before October 15, 2007 to allow the parties to complete the additional discovery as requested herein and mediation. The Deasons estimate that their case will take no more than five days of Court time to present. In the event that the trial is scheduled earlier, Mr. Pace, one of Mr. Deason's attorneys, advises the Court that he will be out of the country on a prepaid vacation with his teenage daughters between June 25, 2007 and July 17, 2007, and requests that trial not be scheduled during that period.

Respectfully submitted,

*(signature)*
Ronald Gray
Texas State Bar No. 08328600
Geary, Porter & Donovan, P.C.
16475 Dallas Parkway, Suite 400
Addison, Texas 75001-6837
(972) 931-~~9001~~ 9901

LOCAL COUNSEL - PLAINTIFFS


*David Browde /by permission RG*
David A. Browde
David A. Browde, P.C.
604 Quaker Road
Chappaqua, New York 10514
(914) 861-9119


*James Jalil /by permission RG*
James P. Jalil
Thompson Hine LLP
335 Madison Avenue, 12th Floor
New York, New York 10017
(212) 334-5680

ATTORNEYS FOR PLAINTIFFS
PRO HAC VICE

-5-

_David Pace / by permission RbJ_
Steve Sumner
Texas State Bar No. 19508500
David H. Pace
Texas State Bar No. 15392950
Sumner, Schick, Hamilton & Pace
3838 Oak Lawn Avenue
Suite 400
Dallas, Texas 75219
(214) 965-9229
(214) 965-9215  (Fax)

ATTORNEYS FOR DEFENDANTS
DARWIN DEASON AND
DOUGLAS R. DEASON


_Stephen Wilcox / by permission RbJ_
Stephen G. Wilcox
Texas State Bar No. 21454300
Bassl & Wilcox, PLLC
P.O. Box 11509

Fort Worth, Texas 76110
(817) 870-1234
(214) 870-1181  (Fax)

ATTORNEYS FOR DEFENDANT
DAVID L. NEELY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Joint Status Report has been served upon all counsel of record in this cause by United States mail in accordance with the Federal Rules of Civil Procedure on this 31 day of January, 2007.

David A. Browde /Ronald Gray