IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL MARGOLIES and §<br>THE MARGOLIES FAMILY TRUST, §<br>§<br>Plaintiffs, §<br>§<br>v. §<br>§<br>DARWIN DEASON, DOUGLAS R. §<br>DEASON and DAVID L. NEELY, §<br>§<br>Defendants. § | No. 3:03-CV-0572-P |

## ORDER

Now before the Court is Defendants Darwin Deason, Douglas R. Deason, and David L. Neely's (collectively "Defendants") Motion to Reinstate Counterclaims, filed March 26, 2007.[1] After reviewing the briefing and applicable law, the Court GRANTS Defendants' Motion.

### I.  Background and Procedural History

Plaintiffs filed this action on March 17, 2003, asserting claims for violation of federal and Texas securities law and common law fraud. On January 15, 2004, Defendants answered and also asserted similar counterclaims against Plaintiffs for violation of federal and state securities law and common law fraud. Such counterclaims were asserted pursuant to Texas Civil Practice & Remedies Code § 16.069, which states:

> If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim

---

[1] Plaintiffs Michael Margolies and the Margolies Family Trust (collectively "Plaintiffs") filed a Response on April 2, 2007, and Defendants did not file a Reply.

> even though as a separate action it would be barred by limitation on the date the party's answer is required.

Tex. Civ. Prac. & Rem. Code Ann. § 16.069 (Vernon 2006). Accordingly, such counterclaims were considered timely when filed.

On January 14, 2005, Defendants filed a motion for summary judgment, which the Court granted on June 20, 2005, dismissing all of Plaintiffs' claims as time-barred. (*See* Mem. Op. & Order of June 20, 2005.) The Court's Order and Final Judgment did not specifically address dismissal of Defendants' counterclaims. (*See* Final Judgment of June 20, 2005.) Plaintiffs timely appealed the Court's order granting summary judgment on July 19, 2005. On October 11, 2006, the Fifth Circuit Court of Appeals affirmed in part and reversed in part this Court's previous order granting summary judgment. Specifically, the Fifth Circuit affirmed the dismissal of Plaintiffs' federal law securities claims and reversed the dismissal of Plaintiffs' state law claims, finding that a fact issue appropriate for the jury remains as to whether Plaintiffs' were on inquiry notice as to their claims, which ultimately determines whether Plaintiffs' state law claims are time-barred. *Margolies v. Deason*, 464 F.3d 547 (5th Cir. 2006). The Fifth Circuit remanded such claims back to this Court for further proceedings. (*Id*.)

Additionally, the Fifth Circuit apparently treated Defendants' counterclaims as impliedly dismissed via the Final Judgment issued by this Court. At no time did Defendants appeal or challenge this Court's Final Judgment entered on June 20, 2005. Defendants state that they did not do so "for the simple reason that the Deasons agreed with this Court's ruling that Plaintiffs' claims were time barred, and that necessarily meant that the Deasons['] counterclaims were likewise time barred." (Defs.' Mot. at 5.) Defendants state that, now that the Fifth Circuit has

remanded Plaintiffs' state law claims for further proceedings, justice requires this Court to use its inherent power to reinstate Defendants' similar state law counterclaims. Plaintiffs contend that Defendants' motion is merely an attempt to do what Defendants could have done through a timely appeal or Rule 60(b) challenge to this Court's previous summary judgment order, *see* Fed. R. Civ. P. 60(b) (2007), and that this Court lacks the power to now reinstate counterclaims whose dismissal was not timely challenged.

## II.   Discussion

The Federal Rules provide certain avenues a party may use to challenge a final judgment or otherwise appealable order in a district court. Rule 60(b) states:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b) (2007). A motion under Rule 60(b) must be filed "within a reasonable time," which, if filed for under subsections (1), (2), or (3), cannot be more than a year after final judgment is entered. *Id*. The Supreme Court has stated that Rule 60(b)(6)

> grants federal courts broad authority to relieve a party from a final judgment "upon such terms as are just," provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5). The Rule does not particularize the factors that justify relief, but we have previously noted that it provides courts with authority "adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice," *Klapprott v. United States*, 335 U.S. 601, 614-615, 93 L. Ed. 266, 69 S. Ct. 384

(1949), while also cautioning that it should only be applied in "extraordinary circumstances[.]" *Ackermann v. United States*, 340 U.S. 193, 95 L. Ed. 207, 71 S. Ct. 209 (1950).

*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (U.S. 1988) (internal footnote omitted); *see also Hesling v. CSX Transp., Inc.,* 396 F.3d 632, 642-43 (5th Cir. 2005) (stating that a district court has broad power to alter a judgment to effectuate justice but will only do so if extraordinary circumstances are present).

The Court finds extraordinary circumstances warranting relief under Rule 60(b)(6) present in the situation at hand. Upon entry of final judgment in this case, Plaintiffs timely appealed the Court's ruling. Defendants, however, did not file either a notice of appeal or a motion for reconsideration with respect to dismissal of their counterclaims stemming from allegations of fraud against Plaintiffs. Now that the Fifth Circuit has reversed in part the Court's finding regarding Plaintiffs' state law claims and found that a fact issue remains as to whether such claims are time-barred, Defendants wish to reassert their counterclaims. Obviously, Defendants agreed with this Court's finding that such claims were time-barred in light of the fact that they moved for summary judgment on this basis. There would be no reason for Defendants to challenge what, in their opinion, was a favorable finding. The circumstances in the case have now drastically changed. The Fifth Circuit held that whether or not Plaintiffs' claims are time-barred is a question for the jury; if such claims are, in fact, not time-barred, equity requires this Court to allow Defendants' related counterclaims to proceed, as they would not be time-barred under Texas law and were not evaluated on the merits by the Fifth Circuit or this Court.

Additionally, the Court is not barred by the "Law of the Case" doctrine from reinstating Defendants counterclaims. A district court is required to "implement both the letter and the spirit of the appellate court's mandate and . . . not disregard the explicit directives of that court." *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) (quoting *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002)).

> The reach of the mandate rule, however, is limited to issues actually decided by the appellate court. Thus, "[a] mandate controls on all matters within its scope, but a district court on remand is free to pass upon any issue which was not expressly or impliedly disposed of on appeal."

*Ballenger v. Mobil Oil Corp.*, 138 Fed. Appx. 615, 618 (5th Cir. 2005) (quoting *Newball v. Offshore Logistics Int'l*, 803 F.2d 821, 826 (5th Cir. 1986)). Finally, even if an appellate court has specifically addressed an issue, a district court may reevaluate it on remand in exceptional circumstances to avoid severe injustice to a party. *Lee*, 258 F.3d at 321 (citing *United States v. Bell*, 988 F.2d 241, 250 (1st Cir. 1993) ("because the law of the case doctrine is a rule of policy and practice, rather than a jurisdictional limitation, it may tolerate a 'modicum of residual flexibility' in exceptional circumstances" (internal citation omitted))).

The Fifth Circuit stated in its Order:

> Deason had also filed counterclaims based on a Texas statute permitting certain time-barred claims arising out of the same transaction or occurrence as the original claims. TEX. CIV. PRAC. & REM. CODE § 16.069. These claims were also dismissed in the district court. On appeal, Deason does not dispute the propriety of dismissing these claims, and therefore we do not consider them. *See United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000) ("It has long been the rule in this circuit that any issues not briefed on appeal are waived.")

*Margolies*, 464 F.3d 547 at n.1. The Fifth Circuit assumed that this Court dismissed Defendants' counterclaims in its Final Judgment and then, in a footnote, briefly stated that it would not

consider the propriety of the counterclaims because Defendants did not raise the issue on appeal. The Fifth Circuit obviously did not reach the merits of the counterclaims. Even if such a statement is considered to affirmatively dispose of Defendants' counterclaims on appeal, the Court finds that extraordinary circumstances exist resulting from the procedural posturing in the case to allow Defendants to reinstate their counterclaims for presentation to the jury and an evaluation on the merits. Accordingly, the Court finds the equities and extraordinary circumstances in this case warrant reinstatement of Defendants' counterclaims and will grant such relief pursuant to Rule 60(b)(6).

### III.   Conclusion

For the foregoing reasons, the Court GRANTS Defendants' Motion to Reinstate Counterclaims.

**It is so ordered.**

Signed this 16th day of May 2007.

*Jorge A. Solis*
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE